**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-14339-CIV-MARTINEZ/MAYNARD**

**U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,**

    **Plaintiff,**

**v.**

**THE CRAB STOP SEAFOOD BAR &
GRILL, LLC, and THE CRAB STOP
SEAFOOD BAR & GRILL II, LLC,**

    **Defendants.**

_____/

**ORDER ON DEFENDANTS' MOTION TO COMPEL
DISCOVERY RESPONSES [DE 40]**

**THIS CAUSE** comes before me upon the above-referenced Motion. I have considered the entire record, the Motion and the related briefing, and the applicable case law. For the following reasons, the Motion is **DENIED**.

**BACKGROUND**

On September 30, 2022, the U.S. Equal Employment Opportunity Commission (the "EEOC") initiated this action against The Crab Stop Bar and Seafood Grill, LLC ("Crab Stop I") and The Crab Stop Bar and Seafood Grill II, LLC ("Crab Stop II") (collectively, "Defendants"). On July 14, 2023, the EEOC filed a four-count Second Amended Complaint[1] against Defendants. DE 43. Pursuant to 703(a)(1) of Title VII, 42 U.S.C. § 2000e2(a)(1), the EEOC's claims against

---

[1] On July 14, 2023, EEOC also filed a Motion for Leave to Amend its Complaint. DE 44. In the Motion for Leave, EEOC seeks leave to file a Third Amended Complaint to assert facts supporting the allegation that Crab Stop II is a successor-in-interest to The Crab Stop & Seafood Market of Vero Beach, LLC ("Crab Stop of Vero Beach"). *Id.* at 2. Defendants initially opposed EEOC's Motion for Leave but later filed a Notice of Non-Opposition to EEOC's Motion to Amend. DE 45. EEOC subsequently filed its Third Amended Complaint on July 27, 2023 (DE 46), which includes the successor-in-interest allegations relating to the Crab Stop of Vero Beach. Because EEOC's Motion for Leave remains pending, I shall refer to the Second Amended Complaint as the operative pleading.

Defendants are premised on the alleged hostile work environment and retaliation experienced by charging parties Caroline Mills ("Mills") and Michaela Farrell ("Farrell") ("Charging Parties").

The Second Amended Complaint asserts claims against Defendants for hostile work environment in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) (Count I); retaliation in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) (Count II); hostile work environment in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e2(a)(1) (Count III); and constructive discharge in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e2(a)(1) (Count IV). DE 43 at ¶¶ 55-70.

## DISCUSSION

Federal Rule of Civil Procedure 26(b) provides in pertinent part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Information is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Indeed, the scope of discovery is broad, and to sustain discovery objections to a motion to compel, the objecting party "must, therefore, show that the requested discovery has no possible bearing on the claims and defenses in this case." *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (the party resisting discovery bears the burden of showing the discovery requests to be improper, unreasonable, or burdensome).

Defendants seek to compel the EEOC to provide the Charging Parties' medical bills (RFP No. 6), resumes (RFP No. 7), and tax returns (RFP No. 8).[2]

---

[2] Since the filing of Defendants' Motion, Defendants' at-issue requests regarding interrogatories have been resolved. More specifically, Defendants moved to compel responses to Interrogatory Nos. 1 and 18, which relate to the proposed class action in Count V of the First Amended Complaint and information about Kayla Chitty, the only proposed class member identified. The EEOC responded that it "intends to remove the class claims, including all claims related to

Request for Production No. 6 asks the EEOC to produce all medical records and bills relating to claims for physical or mental injuries on behalf of the Charging Parties. DE 40-1 at 21. In response, the EEOC agreed to provide the Charging Parties' medical records but objected to producing billing records because the "EEOC is not including medical costs in its damages calculations and therefore such information is irrelevant." DE 41 at 3. Defendants maintain that the billing records are relevant because they may include "dates of service and diagnosis." DE 40 at 5. The EEOC has agreed to provide the medical records, however, which will include that information. DE 41 at 4. Given that the EEOC is not seeking medical expense reimbursement, and because the "dates of service and diagnosis" information is contained within the treatment notes being produced, I find that the Charging Parties' medical bills are not relevant to the claims or defenses in this action. Thus, Defendants' Motion is denied as to Request for Production No. 6. *See Morris v. Sequa Corp.*, 275 F.R.D. 562, 568 (N.D. Ala. 2011) (quashing in part subpoena for medical billing records in ADA action where "the cost of plaintiff's medical bills . . . is irrelevant").

Request for Production No. 7 asks the EEOC to produce the Charging Parties' resumes. DE 40-1 at 22. In response, the EEOC produced much of the information typically found on a resume, including position/title, rate of pay, and dates of employment for all employment after Charging Parties were employed by Defendants. The EEOC objects, however, to revealing the

---

Kayla Chitty in [a] Second Amended Complaint." DE 41 at 2. The EEOC's Second Amended Complaint, filed on July 14, 2023, removes the class action claim and any claims relating to Ms. Chitty. DE 43. Thus, Defendants' Motion is denied as moot as to Interrogatory Nos. 1 and 18, and any discovery requests pertaining to Ms. Chitty.

Defendants also moved to compel a response to Interrogatory No. 8, which asked the EEOC to "state the amount of damages sought by the EEOC along with an explanation as to how it arrived at that sum." DE 40-1 at 8. The EEOC responded that it did not receive the work schedules from Defendants necessary to make the requested calculations until three days before Defendants filed their motion to compel and would serve Amended Interrogatory Responses containing the requested damages calculations by July 10, 2023. The EEOC subsequently filed a notice indicating that Amended Interrogatory Responses were served. DE 50. Defendants' Motion regarding Interrogatory No. 8 is therefore denied as moot.

identity and location of Charging Parties' current employment and disclosing Charging Parties' work history before they were hired by Defendants.

As the EEOC acknowledges, the work history of the Charging Parties after they left Defendants' employ is relevant. In a discrimination case such as this, the victim of the alleged discrimination has a duty to mitigate damages by seeking comparable employment, *U.S. E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244, 1251 (11th Cir. 1997), and failure to mitigate is an affirmative defense. *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1347 (11th Cir. 2000); *see also U.S. E.E.O.C. v. Nordstrom, Inc.*, No. 07-80894-CIV, 2008 WL 5070145, at *3 (S.D. Fla. Nov. 24, 2008) (finding that discovery requests seeking subsequent employment information is discoverable because "sources of income Claimants earned subsequent to employment with Defendant is relevant to the issue of mitigation of damages and a possible award of back pay"); *Russell v. City of Tampa, Fla.*, No. 8:16-CV-912-T-30JSS, 2017 WL 2869518, at *5 (M.D. Fla. July 5, 2017) ("'[A] former employee's subsequent salary is relevant to the issue of mitigation of damages' . . . Therefore, records of Plaintiff's current earnings from Loomis are relevant to Defendant's mitigation of damages defense as well as to the measure of Plaintiff's claims for front and back pay." (citations and quotations omitted)). Recognizing this, EEOC has produced information regarding the Charging Parties' position/title, rates of pay, and dates of employment since their employment with Defendants. DE 41 at 5.

EEOC objects, however, to providing identities and contact information for current employers out of concerns that Defendants may attempt to interfere with the Charging Parties' current employment in retaliation for bringing this lawsuit. DE 40-1 at 22; DE 41 n. 5. Defendants have not articulated how current employers' identities are relevant and proportional to the needs of the case given the information already provided. Thus, to the extent Defendants' request for

resumes seeks identities and contact information for current employers, Defendants' Motion is denied. *See Dos Santos v. AIDS Healthcare Found., Inc.*, No. 19-62336-CIV, 2020 WL 12182199, at *2 (S.D. Fla. July 24, 2020) (declining to order Plaintiff to identify his current employer due to a genuine concern that his job would be at risk if he were to reveal the name of his current employer and the disclosure may impair his standing in his current company).

EEOC also objects to disclosing the Charging Parties' work histories for the time period before they worked for Defendants. Defendants say such information "outlines the progression of the charging parties' skill set, job duties and personal work statements," DE 40 at 6, but fail to identify how the charging parties' skill set, job duties and personal work statements are relevant to any claim or defense in this case. Although such information may be relevant in certain Title VII contexts alleging adverse employment actions, *see, e.g.*, *Gutescu v. Carey Int'l, Inc.*, No. 01-4026 CIV, 2003 WL 25589035, at *2 (S.D. Fla. June 24, 2003), that is not the case here. Charging Parties' prior employment history has no apparent relation to whether Defendants created a hostile work environment, engaged in retaliation against Mills, or constructively discharged Farrell. *See Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05CV1056-J-32MCR, 2006 WL 1627020, at *4 (M.D. Fla. June 6, 2006) ([T]his Court finds that documents showing Plaintiff's prior work history, including periods of unemployment, have no relevance on her performance or periods of unemployment during the time she was employed by Defendant."). Defendants' motion for disclosure of prior work history is therefore denied.

Request for Production No. 8 seeks the Charging Parties' tax returns. DE 40-1 at 23. In response to Request for Production No. 8, the EEOC agreed to produce the Charging Parties' "W2s and/or IRS wage transcripts . . . for any employment subsequent to their employment with Defendants," but objects to producing the requested tax returns on the grounds that the request is

overbroad in temporal scope and Defendants have no "sufficient basis" for entitlement to such financial records. DE 40-1 at 23.

Defendants' Motion narrows the temporal scope of Request for Production No. 8 and now seeks the Charging Parties' tax returns "from age of 18 onward."[3] DE 40 at 6.  The EEOC responds that Defendants' request is still overbroad in temporal scope and Defendants have demonstrated no need for the Charging Parties' tax returns since the EEOC "has produced relevant wage and earnings information to Defendants in the form of W-2s and IRS wage transcripts for the full period that Charging Parties' are seeking backpay."  DE 41 at 6.

I find that Defendants are not entitled to the Charging Parties' tax returns.  Regarding the request for the Charging Parties' tax returns prior to their employment with Defendants, Defendants have failed to identify any reason the Charging Parties' earnings history prior to their employment with Defendants is relevant.  As to the Charging Parties' tax returns after their employment with Defendants, the Defendants have failed to articulate what relevant information the tax returns would provide that the W-2s and IRS wage transcripts do not.  Given that the EEOC has produced the relevant wage and earnings information through W-2s and transcripts, production of the Charging Parties' tax returns is not proportional to the needs of this case.  Defendants' Motion is therefore denied as to Request for Production No. 8.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Compel (DE 40) is **DENIED**.

---

[3] "Farrell turned 18 on August 10, 2016, and started working at Crab Stop three years later in August 2019," and Mills turned 18 approximately a year before she started working at Crab Stop II in October 2019.  DE 41 at 5; DE 7 at ¶¶ 32-33.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 10th day of August, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE